

**U.S. Department of Justice**

*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*

*United States Courthouse, Suite 9200*
*1 Courthouse Way*
*Boston, Massachusetts 02210*

May 3, 2004

By Overnight Mail

Michael C. Andrews, Esq.
21 Custom House
Boston, MA 02110

Catherine Byrne, Esq.
Federal Defenders Office
408 Atlantic Avenue
Boston, MA  02109

    Re:   United States v. John Clark, Miguel Ibarra
          Criminal No. 04-10075-PBS

Dear Counsel:

    Pursuant to Fed. R. Crim. P. 16 and Rules 116.1(C) and 116.2 of the Local Rules of the United States District Court for the District of Massachusetts, the government provides the following automatic discovery in the above-referenced case:

A.    Rule 16 Materials

1.    Statements of Defendants under Rule 16 (a)(1)(A)

    a.    Written Statements

    There are no relevant written statements of the either defendant in the possession, custody or control of the government, which are known to the attorney for the government.

    b.    Recorded Statements

    Consensual tape and video recordings were made of telephone conversations and personal meetings involving the defendant Clark. These recordings are available for your review and copies are enclosed. These recordings bear the DEA exhibit numbers N-

110, N-127, N-143, N-148 (video) and N-108, N-109, N-121, N-123, N-125, N-128, N-130, N-133, N-135, N-136, N-140, N-143, N-144, N-145, N-146, N-147, and N-148 (audio).

Copies of these audiotapes will be sent to Plymouth County Correctional Facility so that the defendant Clark may have access to them.

There are no relevant recorded statements of the defendant Ibarra in the possession, custody or control of the government, which are known to the attorney for the government.

    c.    <u>Grand Jury Testimony of the Defendant</u>

Neither defendant testified before a grand jury in relation to this case.

    d.    <u>Oral Statements to Then Known Government Agents</u>

Other than as may be described in reports enclosed herewith, the government is unaware of any oral statements made by the defendant before or after arrest, in response to interrogation by a person then known to the defendant to be a government agent, which the government intends to use at trial.

2.    <u>Defendant's Prior Record under Rule 16 (a)(1)(B)</u>

Each of you received a copy of your client's prior record at the initial appearance. Please contact me if you need an additional copy.

3.    <u>Documents and Tangible Objects under Rule 16(a)(1)(C)</u>

All books, papers, documents and tangible items which are within the possession, custody or control of the government, and which are material to the preparation of the defendant's defense or are intended for use by the government as evidence in chief at the trial of this case, or were obtained from or belong to the defendant, may be inspected by contacting the undersigned Assistant U.S. Attorney and making an appointment to view the same at a mutually convenient time.

4.    <u>Reports of Examinations and Tests under Rule 16 (a)(1)(D)</u>

Enclosed are the following documents:

DEA-7 for Exhibit 1 (Bates no. CI0408); and

2

DEA-7 for Exhibit 16 (Bates no. CI0409)(final copy to be provided to you upon receipt by this office).

B.   Search Materials under Local Rule 116.1(C)(1)(b)

Numerous search warrants were executed in connection with this investigation. Copies of the search warrants, applications, affidavits, and returns are enclosed herewith (Bates no. CI0001-CI0158.

Although not required, reports describing some searches are also enclosed herewith.

A consent search was conducted at Unit 930, EZ Mini-Storage, Natick, MA on December 3, 2001 by DEA. Enclosed is a copy of a DEA report describing that search (Bates no. CI0159).

C.   Electronic Surveillance under Local Rule 116.1(C)(1)(c)

No oral, wire, or electronic communications of the defendant as defined in 18 U.S.C. § 2510 were intercepted relating to the charges in the indictment.

D.   Consensual Interceptions under Local Rule 116.1(C)(1)(d)

A written description of interceptions (as the term "intercept" is defined in 18 U.S.C. § 2510(4)) of wire and oral communications, relating to the charges contained in the indictment made with consent of one of the parties to the communication ("consensual interceptions"), in which a defendant was intercepted or which the government intends to offer as evidence in its case-in-chief is enclosed in the form of DEA-7a reports, Bates no. CI0350-CI00400.

E.   Unindicted Coconspirators under Local Rule 116.1(C)(1)(e)

As to the conspiracy charged in the indictment, the government notes that there it is aware of known unindicted coconspirators in this matter. Pursuant to Local Rule 116.6, the government submits that it would be detrimental to the interests of justice to make the disclosure of the names of other unindicted coconspirators at this time, and therefore declines to do so.

F.   Identifications under Local Rule 116.1(C)(1)(f)

The defendant Clark was a subject of an investigative identification procedure used with a witness the government

anticipates calling in its case-in-chief involving a photo spread. That procedure is described in a DEA report enclosed herewith (Bates no. CI0195-CI0197). A copy of the photo spread (DEA exhibit N-40) will be produced shortly. Clark was also the subject of an investigative procedure used with another witness the government anticipates calling in its case-in-chief (CW-1) involving a photo spread. A copy of the photo spread (DEA exhibit N-81) will be produced shortly. Clark was also the subject of an investigative procedure used with another witness the government anticipates calling in its case-in-chief (CW-2) involving a photo spread. A copy of the photo spread will be produced shortly. Clark was also the subject of an investigative procedure used with another witness whom the government may call as a witness in its case-in-chief, if and when that witness agrees to cooperate with the United States. That witness did not select Clark's photograph from an array. Should there come a time when that witness agrees to cooperate and to testify, a report describing that failure of identification will be produced. Also please find enclosed a copy of a photograph of Clark (RMV photo) that was used by DEA surveillance agents to identify Clark during the course of the investigation.

The defendant Ibarra was a subject of an investigative identification procedure used with a witness the government anticipates calling in its case-in-chief (CW-1) involving a photo spread. A copy of the photo spread (DEA exhibit N-83) will be produced shortly.

G.  <u>Exculpatory Evidence Under Local Rule 116.2(B)(1)</u>

With respect to the government's obligation under Local Rule 116.2(B)(1) to produce "exculpatory evidence" as that term is defined in Local Rule 116.2(A), the government states as follows:

    1.  Except as may be enclosed herewith, the government is unaware of any information that would tend directly to negate either defendant's guilt concerning any count in the indictment.

    2.  Except as may be enclosed herewith, the government is unaware of any information that would cast doubt on the admissibility of evidence that the government anticipates offering in its case-in-chief and that could be subject to a motion to suppress or exclude.

    3.  The following promises, rewards, or inducements have been given to witnesses whom the government anticipates calling in its case-in-chief: both cooperating witnesses ("CW-1" and "CW-2), whom the government declines to identify by name,

4

pursuant to L.R. 116.6, as disclosing the names might result in witness tampering, interference with an ongoing investigation, and/or risk of physical harm to a witness, have received plea agreements from the government. Each is currently charged with a federal offense, and each expects that, in return for his cooperation in this (and other) cases, he may receive a reduction in sentence.

4. The government is aware that both CW-1 and CW-2 have criminal records. A redacted copy of CW-1's criminal record is enclosed herewith, Bates numbered CI0181-CI0189. A redacted copy of CW-2's criminal record is also enclosed herewith, Bates numbered CI0190-CI0194. Additional potential cooperating witnesses' records have been Bates numbered CI0169-CI0180; these records will be disclosed after those witnesses have entered guilty pleas and can be reasonably anticipated to testify on behalf of the government.

5. The government is aware that both CW-1 and CW-2 have criminal cases pending. Those cases are reflected on the criminal records enclosed herewith.

6. As far as I am aware at this time, other than as may be described above, no named percipient witness failed to make a positive identification of either defendant with respect to the crime at issue.

H. <u>Other Matters</u>

The government is aware of its continuing duty to disclose newly discovered additional evidence or material that is subject to discovery or inspection under Local Rules 116.1 and 116.2(B)(1) and Rule 16 of the Federal Rules of Criminal Procedure.

The government requests reciprocal discovery pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure and Local Rule 116.1(D).

Please call the undersigned Assistant U.S. Attorney at (617) 748-3249 if you have any questions.

Very truly yours,

MICHAEL J. SULLIVAN
United States Attorney

By: RACHEL E. HERSHFANG
Assistant U.S. Attorney

Enclosures

cc: Ms. Maria Simeone
    Clerk to the Honorable Lawrence P. Cohen
    (w/o enclosures)